# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUERRERO IGNACIO, | : | CIVIL NO. 1:15-CV-2423 |
| | : | |
| Petitioner, | : | (Judge Caldwell) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| MARY SABOL, et al., | : | |
| | : | |
| Respondents. | : | |

## **ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The petitioner has filed a petition for writ of habeas corpus which alleges that he has been detained in immigration custody for nearly one year, since May 19, 2015. On May 11, 2016, the petitioner supplemented this petition by notifying the Court that his removal had been stayed. When a stay of removal is granted by the appellate court, it is also clear that by operation of law that stay withdraws this case from post-removal status, and the petitioner's continued detention is governed by 8 U.S.C. §1226(c), and not 8 U.S.C. §1231. Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 270 (3d Cir. 2012).

Thus it now appears that the petitioner, an alien residing in the United States, has been placed in removal proceedings, and has been detained pre-removal pursuant to a mandatory detention statute for the past year. If these allegations are correct, this

case may be governed by a recent ruling of the court of appeals. <u>Chavez-Alvarez v. Warden York Cnty. Prison</u>, 783 F.3d 469, 478 (3d Cir. 2015). According to the United States Court of Appeals, in a case where an alien who is prosecuting a good faith challenge to his or her removal from the United States has been held in pre-removal detention: " beginning sometime after [a] six-month time frame . . . , and certainly by the time [the alien] had been detained for one year, the burdens to [the petitioner's] liberties outweigh[] any justification for using presumptions to detain him without bond to further the goals of the statute. We conclude that the underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner's] continued detention was or is necessary." <u>Chavez-Alvarez v. Warden York Cnty. Prison</u>, 783 F.3d 469, 478 (3d Cir. 2015). In prescribing this one-year time frame beyond which the presumption of detention is sufficiently eroded that an individualized bail consideration is necessary, the appellate court also defined what showing the government must make in order to justify the continued detention of the petitioner. According to the Court, the immigration statute " 'implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose

a danger to the community.' " Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469, 475 (3d Cir. 2015). Further, once "detention becomes unreasonable, the Due Process Clause demands a hearing, *at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute.*" Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011)(emphasis added.)

We are committed to working with the parties to promptly and fairly address this petition. Towards that goal, since the petitioner has alleged facts which suggest that the petitioner may now be entitled to relief under Chavez-Alvarez, the respondents shall file an expedited response addressing this issue, and show cause on or before **May 18, 2016**, why the petitioner should not be granted habeas corpus relief.[1]

---

[1] Our decision to initially seek an expedited response from the government directed at the application of Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469, 478 (3d Cir. 2015) to this case is dictated by two factors. First, it is represented that the petitioner has been held without a bail hearing for nearly one year, the period prescribed by the court in Chavez-Alvarez. If this representation is accurate, and the petitioner remains in pre-removal detention, then the decision in Chavez-Alvarez also prescribes the course which the respondents and this Court must follow. In the past, the respondents have shown a commendable commitment to provide prompt bail consideration to petitioners who are subject to the ruling in Chavez-Alvarez. Vale v. Sabol, No. 1:15-CV-2249, 2015 WL 8602751, at *1 (M.D. Pa. Dec. 14, 2015); Singh v. Sabol, No. 1:14-CV-1927, 2015 WL 3519075, at *1 (M.D. Pa. June 4, 2015), appeal dismissed (Sept. 9, 2015). Given the government's longstanding commitment to providing prompt bail hearings in cases governed by the appellate court's ruling in Chavez-Alvarez,

So ordered this 11th day of May 2016.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge

---

it seems fitting that we take expedited steps to ascertain whether this petition is one such case.