IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUERRERO SANCHEZ RAFAEL IGNACIO,<br>          Petitioner<br><br>     vs.<br><br>MARY SABOL,<br>          Respondent | :<br>:<br>:<br>:<br>: CIVIL NO. 1:CV-15-2423<br>:<br>:  (Judge Caldwell)<br>:<br>:<br>: |

*M E M O R A N D U M*

I.  *Introduction*

Rafael Ignacio Guerrero Sanchez, a citizen of Mexico, is being detained by Immigration and Customs Enforcement (ICE).  On December 17, 2015, he filed this 28 U.S.C. § 2241 petition pro se to challenge his continued confinement while he litigates his application for withholding of removal under the Convention Against Torture (CAT).  The respondent is Mary Sabol, the warden at the York County prison, where Petitioner was confined when he filed the petition.  Petitioner is currently being detained at the Pike County Correctional Facility in Lords Valley, Pennsylvania.  As relief, he seeks release from confinement or at least a bond hearing before an immigration judge.

The matter was referred to a magistrate judge for a report and recommendation.  The magistrate judge has recommended that the petition be denied at

this time but that the analysis might change if the length of Petitioner's confinement continues to grow.

We are considering Petitioner's objections to the report. The Court must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). We "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

As will be seen, resolution of the petition turns on whether Petitioner's detention is under 8 U.S.C. § 1231(a), as the magistrate judge concluded, or under 8 U.S.C. § 1226(a), as Petitioner maintains. This requires us to decide what significance should be given to the fact that Petitioner is subject to a reinstated order of removal.

II. *Background*

According to Petitioner, he entered the United States sometime in July 1990 without inspection. (Doc. 9-1, ECF p. 13). At some later point, he left the United States, and then unsuccessfully attempted to re-enter on January 24, 1998, using false documents. (*Id.*). On the same date, an expedited order of removal was entered against Petitioner for having attempted to enter the United States by using the false documents. (Doc. 9-1, ECF p. 7, order of removal). Petitioner was removed from the United States that day.

At some point, Petitioner re-entered the United States. Petitioner was later convicted under 21 U.S.C. §§ 846 and 841(a)(1) in the United States District Court for the

District of Idaho for conspiracy to distribute in excess of fifty grams of actual methamphetamine. In April 2013, he was sentenced to forty-two months' imprisonment. (Doc. 9-1, ECF pp. 9-10). On December 5, 2012, while awaiting trial, Petitioner was served with a notice of intent to reinstate the January 24, 1998, order of removal. (Id., ECF pp. 13-14). On August 23, 2013, the removal order was reinstated. (Doc. 9-1, ECF p. 3).

On April 9, 2015, Petitioner filed with the Third Circuit a petition for review and a motion for stay of removal. On June 12, 2015, the Third Circuit dismissed the petition and denied the motion to stay. (Doc. 9-1, ECF p. 14).

Meanwhile, Petitioner served his time on the drug offense and was taken into ICE custody on May 19, 2015. (Doc. 1-1, ECF p. 7; Doc. 9-1, ECF p. 14). On June 1, 2015, ICE conducted a file custody review of Petitioner's detention, informing him that he was currently being detained but that he would be considered for release if he was not removed within the statutory removal period set forth in 8 U.S.C. § 1231(a), INA § 241(a). Petitioner was also informed that his custody status would be reviewed on or about August 2, 2015. (Doc. 1-1, ECF p. 8).

Petitioner expressed fear at returning to Mexico. On June 29, 2015, an asylum officer found his fear to be reasonable and referred him to an immigration judge for consideration of an application for withholding of removal under 8 U.S.C. § 1231(b)(3), INA § 241(b)(3), and for withholding of removal under the CAT. (Doc. 9-1, ECF p. 17). On September 23, 2015, the immigration judge decided that Petitioner was not entitled to

withholding of removal under section 1231(b)(3) because aliens who have committed serious crimes are not entitled to that statutory form of relief and Petitioner's drug offense qualified as a serious crime. (Doc. 9-1, ECF p. 21). The immigration judge also decided that Petitioner was not entitled to protection under the CAT, see 8 C.F.R. § 1208.1 *et seq.*, for two reasons. First, he could not show that torture would result from the consent of the Mexican government. Second, he could not show that the government would turn "a blind eye" to the potential torture of Petitioner by a drug cartel. (Doc. 9-1. ECF p. 24). On October 19, 2015, Petitioner appealed the immigration judge's decision on his CAT application to the Board of Immigration Appeals (BIA). While that appeal was pending, Petitioner filed the instant 2241 petition on December 17, 2015.

In the meantime, Petitioner's custody status was reviewed on August 5, 2015. ICE decided to keep him in custody as a flight risk because he had attempted to enter the United States using false documents and then entered the country after being removed, indicating an intent to evade the immigration controls of the United States. (Doc. 9-1, ECF p. 14). ICE also stated that Petitioner also represented the highest level of enforcement priorities since his drug offense was an aggravated felony. (*Id.*).

Petitioner's custody status was again reviewed on November 17, 2015. ICE decided to keep him in custody, stating: "Due to your pending case, ICE is unable to move forward with your removal from the United States at this time. Pending a final determination of your fear case, you are to remain in ICE custody at this time." (Doc. 9-1,

ECF p. 26). ICE also advised Petitioner that the decision to detain him did not preclude him from producing evidence in the future that his removal was "unlikely." (*Id.*).

On January 19, 2016, the BIA denied Petitioner's appeal and affirmed the immigration judge's denial of "deferral" of removal under the CAT, citing 8 C.F.R. §§ 1208.16-18. (Doc. 9-1, ECF p. 29). On February 1, 2016, Petitioner filed with the Third Circuit a petition for review of the BIA's decision accompanied by a motion for stay of removal. *Guerrero v. Attorney General*, No. 16-1217 (3d Cir.). On the same day, the Third Circuit granted a temporary stay of removal while it considered the motion for a stay of removal. On May 4, 2016, the Third Circuit granted a stay of removal while it considered the petition for review. The petition for review is still pending in the Third Circuit.

III. *Discussion*

As the magistrate judge notes in his report, resolution of the 2241 petition depends upon which statutory provision authorizes Petitioner's detention. ICE can detain an alien under two different statutory provisions: 8 U.S.C. § 1226, INA § 236, or 8 U.S.C. § 1231, INA § 241. *See Leslie v. Attorney General*, 678 F.3d 265, 268-69 (3d Cir. 2012). Section 1226 governs detention while removal proceedings are ongoing. *Leslie*, 678 F.3d at 268 (observing that section 1226(a) allows for detention pending a decision in removal proceedings unless mandatory detention under subsection (c) is required for aliens who have committed certain offenses). Section 1231 governs detention after

removal has become certain. *Leslie,* 678 F.3d at 270 ("the purpose of § 1231 detention is to secure an alien pending the alien's certain removal").

If detention is under section 1231, the following procedure applies. Pursuant to § 1231(a), the Attorney General has ninety days to remove an alien from the United States after an order of removal becomes final. During this "removal period," detention of the alien is mandatory. *See* 8 U.S.C. § 1231(a)(2).

After the ninety-day period, if the alien has not been removed and remains in the United States, his detention may be continued, or he may be released under the supervision of the Attorney General. *See* 8 U.S.C. §§ 1231(a)(3) and (6). Under section 1231(a), ICE may detain an alien for a "reasonable time" necessary to effectuate the alien's deportation, but indefinite detention is not authorized. *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

Six months is the presumptively reasonable period of detention. *Id.* at 701, 121 S.Ct. at 2505. After this six-month period, an alien must be released if he provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. If he makes this showing, to keep him in custody ICE must show in rebuttal that there is indeed a significant likelihood of removal in the reasonably foreseeable future. *Id.*

In contrast, if detention is under section 1226, an alien is entitled to a bond hearing at some point, at which the government would have the burden of showing that the alien was a flight risk or a danger to the community if it wanted to continue his

detention. As the Third Circuit stated in regard to detention under section 1226(c), but which we find equally applicable to section 1226(a), *see Pierre v. Sabol*, No. 11-CV-2184, 2012 WL 1658293, at *4 (M.D. Pa. May 11, 2012)(Caldwell, J.), detention is authorized "'for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.'" *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 475 (3d Cir. 2015)(quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011)). The government has the burden of showing flight risk and danger to the community. *Id.* at 478.[1]

      In the instant case, the magistrate judge decided that detention was under section 1231(a) because Petitioner is subject to removal on the basis of a reinstated order of removal, the January 24, 1998, order of removal, reinstated by the order of August 23, 2013. A reinstated order of removal differs from an original order of removal in that the merits of a reinstated removal order cannot be relitigated. When a removal order is reinstated after an alien has illegally re-entered the country following a removal, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed . . . ." 8 U.S.C. § 1231(a)(5). The magistrate judge reasoned that this means that Petitioner's removal from the country is certain; at best, Petitioner's

---

[1] Indeed, 8 C.F.R. § 1236.1(d) provides for a bond hearing before an immigration judge for those detained under section 1226(a).

application for withholding under the CAT might result in his removal to another country other than Mexico, *see* 8 C.F.R. § 1208.16(f), but nonetheless Petitioner is going to be removed. Since removal was certain, Petitioner's detention was under section 1231(a). The magistrate judge cites several district-court cases treating detention of aliens subject to a reinstated order of removal as detention under section 1231: *Padilla-Ramirez v. Bible*, ___ F. Supp. 3d ___, ___, 2016 WL 1555679, at *3-4 (D. Idaho 2016), and *Sanchez Reyes v. Lynch*, No. 15-CV-442, 2015 WL 5081597, at *4-5 (D. Colo. Aug. 28, 2015). He also cites a few from this district: *Dutton-Myrie v. Lowe*, No. 13-CV-2160, 2014 WL 5474617, at *4 (M.D. Pa. Oct. 28, 2014), and *Santos v. Sabol*, No. 14-CV-635, 2014 WL 2532491, at * 3-4 (M.D. Pa. Jun. 5, 2014).

Treating detention as under section 1231(a), the magistrate judge decided that Petitioner was not entitled to habeas relief. The magistrate judge acknowledged that Petitioner has been detained for over a year, thus exceeding the six-month period of reasonable detention. (Doc. 19, ECF p. 18, magistrate judge's report). But Petitioner was not entitled to relief because: (1) Petitioner may not profit from delay he has created and his removal has been delayed because of his belated effort to resist the reinstated removal order; (2) detention is proper because of Petitioner's "history of non-compliance with federal immigration and drug trafficking laws"; and (3) Petitioner has not shown that his removal would not be feasible once his CAT claim is resolved. (*Id.*).

Petitioner objects to the magistrate judge's conclusion that his detention is under section 1231(a). Petitioner asserts that his detention is under section 1226(a),

citing in part the undersigned's decision in *Pierre*, *supra*. In *Pierre*, we treated an alien subject to a reinstated order of removal as being detained under section 1226(a). We stated that section 1226 "governs detention while removal proceedings are ongoing," quoting the statutory language in section 1226(a) allowing detention of an alien "pending a decision on whether the alien is to be removed from the United States." 2012 WL 1658293, at *4. In contrast, we stated that section 1231 "governs detention after removal has become certain." *Id.* In our view, section 1226(a) thus applied because the petitioner still had pending before an immigration judge an application for withholding of removal so that a decision had not yet been made on whether he would be removed from the United States. We also stated that the reinstated order of removal had not yet become administratively final as the withholding application was still pending before the immigration judge so that the removal period under section 1231 had not yet begun. *Id.*

  As noted above by the magistrate judge, other courts disagree with this reasoning. As stated by the court in *Sanchez Reyes*, *supra*, a reinstated order of removal is final as an alien can no longer contest it, so that it is certain he will be removed from the United States, with the only remaining issue being to which country he will be removed if he has filed an application for withholding of removal. An alien subject to an reinstated order of removal is therefore within the removal period governed by section 1231(a). 2015 WL 5081597, at *4.

  Respondent agrees with the magistrate judge that Petitioner's detention is governed by section 1231(a), but –- admirably -- calls to our attention a case adverse to

-9-

her position, *Guerra v. Shanahan*, ___ F.3d ___, 2016 WL 4056035 (2nd Cir. 2016), decided after the magistrate judge filed his report.  In *Guerra*, the Second Circuit held that an alien subject to a reinstated order of removal who had pending before an immigration judge an application for withholding of removal under 8 U.S.C. § 1231(b)(3) and under the CAT was being detained under section 1226(a).  The alien was therefore entitled to the bond hearing provided for those being held under section 1226(a) in 8 C.F.R. § 1236.1(d).  The court provided two reasons:

> Here, the statutory text favors Guerra's interpretation.  8 U.S.C. § 1226(a) permits detention of an alien "pending a decision on whether the alien is to be removed from the United States."  The statute does not speak to the case of whether the alien is theoretically removable but rather to whether the alien will actually be removed.  An alien subject to a reinstated removal order is clearly removable, but the purpose of withholding-only proceedings is to determine precisely whether "the alien is to be removed from the United States."  8 U.S.C. § 1226(a).
>
>   The structure of the statute also favors Guerra's interpretation.  8 U.S.C. § 1226(a) authorizes the detention of aliens whose removal proceedings are ongoing.  By contrast, 8 U.S.C. § 1231(a) is concerned mainly with defining the 90-day removal period during which the Attorney General "shall remove the alien."  The former provision is the more logical source of authorization for the detention of aliens currently in withholding-only proceedings.

___ F.3d at ___, 2016 WL 4056035 at *2-3.

Respondent asserts we should not follow *Guerra* because it wrongly states that the purpose of withholding-only proceedings is to determine if the alien is to be

-10-

removed from the United States when the purpose of such proceedings is not to determine if he will be removed but to where he will be removed.

Quite frankly, in *Pierre* we gave no thought to the fact that the removal order was a reinstated one, so we are open to Respondent's argument that Petitioner's detention is under section 1231(a). And Respondent's argument has force in regard to the Second Circuit's first reason for deciding that an alien in Petitioner's situation is detained under section 1226(a). Nonetheless, we agree with the court's second reason, that the more logical source of authorization for the detention of aliens currently in withholding-only proceedings is section 1226(a). We therefore conclude that Petitioner's detention is under section 1226(a).

We note that the BIA has already affirmed the immigration judge's denial of withholding under the CAT, but the Third Circuit has stayed removal pending its resolution of Petitioner's petition for review of that ruling, so his detention remains under section 1226(a). *See Jamai v. Saldana*, ___ F. App'x ___, ___ 2016 WL 1697654, at *1 (3d Cir. 2016)(nonprecedential)(when the court of appeals has stayed a final order of removal pending its review of a petition for review, the alien's detention is under section 1226).

As noted above, detention under section 1226(a) is authorized "'for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to

the community.'" *Chavez-Alvarez, supra,* 783 F.3d at 475. The government would have the burden of showing flight risk and danger to the community. *Id.* at 478.

"Periods of detention under section 1226 in excess of one year raise constitutional concerns." *Rodriguez-Celaya v. Attorney General*, No. 14-CV-514, 2014 U.S. Dist. Lexis, 97141, at *12 (M.D. Pa. July 17, 2014)(Caldwell, J.)(citing *Chavez-Alvarez v. Sabol*, No. 12-CV-2130, 2014 WL 257357, at *6, 2014 U.S. Dist. Lexis 7642 (M.D. Pa. Jan. 22, 2014)). ICE detained Petitioner on May 19, 2015, so he has been in ICE detention for about fifteen months. In these circumstances, he is entitled to a bond hearing before an immigration judge where the government will have the burden of showing that Petitioner is a flight risk or a danger to the community if it wants to continue his detention.[2]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 19, 2016

---

[2] The magistrate judge stated that Petitioner is not entitled to relief even if the procedure for section 1226 detentions were applied since Petitioner has shown he is a flight risk and danger to the community when he refused to abide by his removal order by reentering the United States and by his commission of a serious drug offense. (Doc. 19, ECF p. 10 n.1.). These are certainly factors an immigration judge can consider in deciding whether to release Petitioner but not reasons to deny him a bond hearing.